*NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANFORD WILLIAMS, JR., | : |
| Plaintiff, | : Civil Action No. 15-121 (JLL) |
| v. | : **OPINION** |
| CHRIS REINHARDT, | : |
| Defendant. | : |

**LINARES**, District Judge:

Plaintiff, Sanford Williams, Jr., filed a complaint against Defendant, Detective Chris Reinhardt, on January 7, 2015. (ECF No. 1). On April 22, 2015, this Court granted Plaintiff's application to proceed *in forma pauperis*. (ECF No. 4). At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set out below, Plaintiff's complaint will be dismissed without prejudice.

I. BACKGROUND

Plaintiff alleges the following facts in his complaint. On November 23, 2013, approximately forty car batteries were stolen after being removed from twenty trucks parked in a lot at the Livingston Industrial Park in Livingston, New Jersey. (ECF No. 1 at 10). Ten months after the theft, Plaintiff, Sanford Williams, Jr., attended a required meeting with Probation Officer

Irwin at the Federal Probation Department's office in Newark, New Jersey, on September 9, 2014.[1] (*Id.*). While at the Probation office, Plaintiff was approached by two Livingston Police Detectives, one of whom was Defendant, Chris Reinhardt. (*Id.*).

Reinhardt placed Plaintiff under arrest for theft and criminal mischief based upon his belief that Plaintiff had been responsible for the theft of the car batteries in November 2013. (*Id.*). Plaintiff alleges that he had no knowledge of the theft and was not involved in the crime. (*Id.*). Plaintiff further alleges that Reinhardt "falsified documents against [P]laintiff, by means of falsely accusing [P]laintiff of committing crimes that [he] did not commit nor have any knowledge of. In essence, [D]efendant . . . Speculated and/or Assumed [P]laintiff had committed said crimes." (*Id.* at 11). Plaintiff then states that Reinhardt treated him differently than other similarly situated persons and thus was biased or discriminatory against Plaintiff. (*Id.*). Plaintiff next alleges that on November 26, 2014, Reinhardt perjured himself by "deliberately g[iving] False Testimony and/or misleading information against [P]laintiff in his complaint to the Court authorities, to effect "Probable Cause" for the issuance of a warrant for [Plaintiff's] arrest regarding the falsified charges he lodged against [P]laintiff." (*Id.* at 10).

Plaintiff also alleges that Reinhardt defamed him prior to the arrest on August 25, 2014, by accusing him of having committed the theft in several police databases, including CODIS. (*Id.* at 10-12). By placing his name in these databases as a wanted person in relation to the Livingston

---

[1] Plaintiff describes himself as a convicted and sentenced federal prisoner although he is currently incarcerated on state theft charges. (*Id.* at 2, 10). Plaintiff does not specify whether he is on probation or subject to supervised release, and thus it is not clear which formed the basis of the requirement that he report to the Probation Department.

2

battery theft, Reinhardt placed Plaintiff under suspicion of having committed similar crimes in both New Jersey and New York. (*Id.*). Plaintiff alleges that the entrance of his name into these databases constituted "Slander" and "Defamation" because Reinhardt was in effect "diss[e]minating 'Speculation/Hearsay.'" (*Id.* at 10). Plaintiff alleges that this action was unnecessary as Reinhardt, who had attempted and failed to contact Plaintiff via his cell phone, could have acquired Plaintiff's address and asked him to come in for questioning via the mail. (*Id.* at 11-12). Plaintiff thus alleges that, by entering the allegedly defamatory accusation into CODIS, Reinhardt was "[n]egligent," as he could have pursued alternative avenues to locate and speak with Plaintiff. (*Id.* at 12). Plaintiff further states that Reinhardt knew that placing the information on CODIS would lead to Plaintiff's arrest and a federal hold being placed on Plaintiff's bail, which would "keep [P]laintiff incarcerated in the county jail." (*Id.*). Plaintiff characterizes this as Reinhardt acting in "conspiracy" with the Federal Probation Department, which is not named as a defendant and from which Plaintiff seeks no redress. (*Id.* at 9).

## II. DISCUSSION

### A. Legal Standard

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which

relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) because Plaintiff is proceeding *in forma pauperis* and seeks to sue a governmental employee.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[2], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n. 3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

**B. Analysis**

Plaintiff seeks to sue Defendant, a police detective, for alleged violations of his federal constitutional rights. 42 U.S.C. § 1983[3] provides "private citizens with a means to redress violations of federal law committed by state individuals." *Woodyard v. Cnty. Of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013). To assert a claim under the statute, a plaintiff must show that he was a deprived of a federal constitutional or statutory right by a state actor. *Id.* When evaluating the merits of a § 1983 claim, the Court must identify the contours of the underlying right Plaintiff claims was violated and determine whether Plaintiff has properly alleged a violation of that right. *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). Based on the facts presented and the allegations contained in Plaintiff's complaint, this Court construes Plaintiff's complaint as attempting to raise claims for false arrest, false imprisonment, and malicious prosecution, as well as a state law defamation claim, against Defendant Reinhardt in both his official and individual capacities.[4]

---

[3] In his complaint, Plaintiff checked the box which states that his claims were brought pursuant to *Bivens v Six Unknown Named Agents of Fed Bureau of Narcotics*, 403 U.S. 388 (1971), the federal analogue to § 1983. The form states that this type of claim "applies to federal prisoners." (ECF No. 1 at 2). Plaintiff identifies himself as a federal prisoner, and it is likely for this reason that he selected the *Bivens* option. (*Id.*). The facts alleged by Plaintiff, however, indicate that while he has been convicted and sentenced on a prior federal crime, he is currently incarcerated as a state pre-trial detainee at the Essex County Correctional Facility and is raising claims against a police officer employed by a New Jersey municipality. (*Id.* at 2-3, 10-12). As such, his claims are properly raised under § 1983 and not *Bivens*.

[4] To the extent that Plaintiff's assertions of bias and being treated differently from those similarly situated were intended to raise an equal protection claim, the Court notes that Plaintiff has not alleged that he is a member of a protected class, that the alleged bias of Defendant resulted from any such status, or any alternative basis for an equal protection violation (such as a class of one theory). *See Keenan v. City of Philadelphia*, 983 F.3d 459, 465 (3d Cir. 1992) (a claim under § 1983 requires that plaintiff plead that he was a member of a protected class and

5

### 1. Plaintiff's Official Capacity Claims

Plaintiff seeks to bring his claims against Detective Reinhardt in both his individual and official capacities. A suit against a police officer in his official capacity represents only an alternative means by which to raise a claim against the entity of which the officer is an agent. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978). As a municipality, such as the one which employs Reinhardt, may not be sued under a *respondeat superior* theory of liability under 42 U.S.C. § 1983, a plaintiff must establish that the municipality itself has committed a violation of federal law. *See Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 35-36 (2010). Thus, to plead a claim for relief against a municipality under § 1983, a plaintiff must show that the municipality implemented a policy, ordinance, regulation, or custom which caused the deprivation of that plaintiff's rights. *Id., see also Monell*, 436 U.S. at 690-91. As Plaintiff has not pled that there was a municipal custom, policy, or ordinance which resulted in the actions of Defendant, he has not pled a proper *Monell* claim against the municipality of which Defendant is an agent. Plaintiff's official capacity claim against Detective Reinhardt must therefore be dismissed without prejudice.

---

that he received different treatment from similarly situated individuals); *see also Overly v. Garman*, --- F. App'x ---, 2015 WL 1137427, at *1 (3d Cir. March 16, 2015). As such, Plaintiff has not properly alleged an equal protection violation.

## 2. Plaintiff's False Arrest and False Imprisonment Claims

Plaintiff alleges that Detective Reinhardt arrested him without cause. To establish a false arrest claim under § 1983, a plaintiff must establish that he was arrested by a state actor without probable cause. *Sharrar v. Felsing*, 128 F.3d 810, 827 (3d Cir. 1997), *abrogated on other grounds*, *Curley v. Klem*, 499 F.3d 199 (3d Cir. 2007); *Paszkowski v. Roxbury Twp. Police Dep't*, 581 F. App'x 149, 152 (3d Cir. 2014) (the proper inquiry in a § 1983 false arrest is whether "the arresting officers had probable cause to believe the person arrested had committed the offense."). Probable cause exists "'whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested.'" *Paszkowski*, 581 F. App'x at 152 (quoting *States v. Myers*, 308 F.3d 251, 255 (3d Cir. 2002)). Probable cause is

> a fluid concept – turning on the assessment of probabilities in particular factual context – not readily, or even usually, reduced to a neat set of rules. While probable cause to arrest requires more than mere suspicion, the law recognizes that probable cause determinations have to be made on the spot under pressure and do not require the fine resolution of conflicting evidence that a reasonable doubt or even a preponderance standard demands. A common sense approach must be taken to the issue of probable cause and a determination as to its existence must be based on the totality of the circumstances.

*Paff v. Kaltenbach*, 204 F.3d 425, 436 (3d Cir. 2000) (internal citations and quotations omitted). Where an individual is arrested without probable cause, "the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." *Groman v. Twp. Of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995).

While Plaintiff adequately alleges that he was arrested and subsequently incarcerated, he

7

fails to properly plead that Detective Reinhardt acted without probable cause. As to the probable cause element, Plaintiff provides no more than his assertion that he is innocent, and that Defendant acted based on his assumptions or suspicion that Plaintiff was guilty of the crime. Likewise, as to the arrest warrant obtained in November 2014, Plaintiff asserts that Reinhardt "falsified" documents, but does not detail how the documents are false or misleading except to the extent that he professes his innocence and that, as a result, the claim that he committed the theft must be false. Plaintiff's assertion that Defendant was biased is similarly unsupported by any further details, including as to the nature of the bias (racial, ethnic, religious, etc.) or how Plaintiff was treated differently as a result. As to probable cause, Plaintiff has therefore provided no more than vague and conclusory assertions, which are insufficient to establish a facially plausible claim. *Iqbal*, 556 U.S. at 678; *Dempster*, 764 F.3d at 308 n. 3. As such, these claims will be dismissed without prejudice for failure to state a claim on which relief may be granted.

To the extent Plaintiff asserts that Defendant conspired with the Probation Department to falsely imprison him, the Court also notes that Plaintiff has failed to plead any such conspiracy. A claim that the defendants in a civil suit conspired to violate a plaintiff's constitutional rights requires that the plaintiff show "'that two or more conspirators reached an agreement to deprive him or her of a constitutional right under color of law.'" *Harrington v. Bergen County*, No. 14-5764, 2015 WL 758634, at *11 (D.N.J. Feb. 23, 2015) (quoting *Laurensau v. Romarowics*, 528 F. App'x 136, 140 (3d Cir. 2013)). Plaintiff has made no such showing. He has pled only that Detective Reinhardt arrested Plaintiff knowing that Probation would, as a matter of course, issue a violation of probation for any arrest. Plaintiff has thus pled no agreement between Reinhardt and Probation. At best, Plaintiff has pled that Reinhardt acted knowing that a federal hold would

8

result, which is insufficient to establish a conspiracy between Reinhardt and the Probation Department, which Plaintiff does not even name as a defendant and does not allege agreed with Reinhardt's actions. As such, even had Plaintiff properly alleged false imprisonment, he has not alleged a plausible claim for conspiracy.

### 3. Plaintiff's Malicious Prosecution Claim

Plaintiff's allegations, taken in their entirety, also appear to assert a malicious prosecution claim against Detective Reinhardt. To assert a claim for malicious prosecution, a plaintiff must plead that the defendant initiated a criminal proceeding against him, that the criminal proceeding ended in the plaintiff's favor, the defendant initiated the proceeding without probable cause, the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice, and the plaintiff suffered a deprivation of liberty as a result. *See Halsey v. Pfeiffer*, 750 F.3d 273, 296-97 (3d Cir. 2014). In addition to the probable cause issues discussed above, Plaintiff's malicious prosecution claim also fails as Plaintiff has not shown that he received a favorable termination. By all accounts, Plaintiff is still incarcerated on the charges raised by Defendant, and Plaintiff has not pled facts which would permit one to infer otherwise. As such, he has failed to plausibly plead a claim for malicious prosecution, and that claim will therefore be dismissed for failure to state a claim on which relief may be granted. *Id.*; *Iqbal*, 556 U.S. at 678; *Dempster*, 764 F.3d at 308 n. 3.

### 4. Plaintiff's Defamation Claim

Plaintiff also attempts to assert a claim for defamation. "[D]efamation is actionable under 42 U.S.C. § 1983 only if it occurs in the course of or is accompanied by a change or extinguishment of a right or status guaranteed by state law or the constitution." *Brown v. Calabro*, 512 F. App'x 137, 139 (3d Cir. 2013) (quoting *Clark v. Twp. Of Falls*, 890 F.2d 611, 619 (3d Cir. 1989)). Defamation is otherwise only actionable as a state law claim. *Burney v. Kimball*, No. 13-3216, 2015 WL 225812, at *7 (D.N.J. Jan. 15, 2015) (citing *Clark*, 890 F.2d at 619). Plaintiff does not allege that the "defamation" which he claims occurred here was accompanied by a change or extinguishment of any appropriate right, and as such his claim arises under state law. *Brown*, 512 F. App'x at 139. As Plaintiff's defamation claim arises under state law and is not a claim over which this Court has original jurisdiction, and because all of Plaintiff's claims over which this court does have original jurisdiction have been dismissed, this Court declines to extend supplemental jurisdiction over Plaintiff's state law defamation claim.[5] *See* 28 U.S.C. § 1367(c)(3).

---

[5] The Court does note, however, that it does not appear Plaintiff has adequately pled a defamation claim under New Jersey law. In New Jersey, such a claim requires that Plaintiff show that "a defendant make a false and defamatory statement of fact about plaintiff that the defendant knew or should have known was false, and that was communicated to third parties, causing damages." *Burney*, 2015 WL 225812, at *7. Here, the statement Plaintiff claims was defamatory was Defendant's listing of Plaintiff as a "wanted" person on several police databases which led to his being considered as a suspect for other crimes. By all accounts, including Plaintiff's, Plaintiff was, indeed, "wanted" by the Livingston Police, and the "statement" of Defendant was therefore not false as required to plead defamation under New Jersey law. *Id.*

10

## III. CONCLUSION

For the reasons stated above, Plaintiff's complaint will be dismissed without prejudice. An appropriate order follows.

_____
Hon. Jose L. Linares, U.S.D.J.