**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHAMBERS OF<br>**STEVEN C. MANNION**<br>UNITED STATES MAGISTRATE JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 2064<br>NEWARK, NJ 07101<br>973-645-3827 |

September 7, 2016

**LETTER ORDER/OPINION**

    Re:    D.E. 44, Application for Appointment of Pro Bono Counsel

            **Williams v. Reinhardt**
            <u>**Civil Action No. 15-cv-00121 (JLL)(SCM)**</u>

Dear Litigants:

    This matter comes before the Court upon review of Plaintiff, Sanford Williams, Jr.'s ("Mr. Williams") Application for Appointment of *Pro Bono* Counsel.[1] After review of Mr. Williams' Application and for the reasons set forth herein, the Application is **denied**.

    District courts are granted broad discretion to appoint attorneys to represent indigent civil litigants, 28 U.S.C. § 1915 (d), (e)(1), but "civil litigants possess neither a constitutional nor a statutory right to appointed counsel."[2] Moreover, though Congress has empowered district courts to "request" counsel for civil litigants, courts cannot "require" an unwilling attorney to serve as counsel.[3]

    This Court must therefore "take note of the significant practical restraints on the district courts' ability to appoint counsel: . . . the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation."[4]

    When evaluating a request for the appointment of *pro bono* counsel, a district court should first determine whether the plaintiff's claim "has arguable merit in fact and law."[5] The Third Circuit has articulated an analytical framework that district courts must use in exercising their discretion.[6] The

---

[1] (ECF Docket Entry No. ("D.E.") 44).

[2] *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Parham v. Johnson*, 126 F.3d 454, 456-67 (3d Cir. 1997)).

[3] *Id.* (citing 28 U.S.C. § 1915 (e)(1)); *see also Christy v. Robinson*, 216 F. Supp. 2d 398, 406 n. 16 (D.N.J. 2002) (citing *Mallard v. United States Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 301-02 (1989)).

[4] *Tabron v. Grace*, 6 F.3d 147, 157 (3d Cir. 1993).

[5] *Id.* at 155.

[6] *See Montgomery*, 294 F.3d at 492; *Parham*, 126 F.3d at 454; *Tabron*, 6 F.3d at 147.

analysis begins with a threshold assessment of the merits of the case.[7]

If the court first finds "some arguable merit in fact and law," then it must go on to weigh a series of considerations known as the *Tabron* post-threshold factors.[8] These factors include: (1) the plaintiff's ability to present his case; (2) the complexity of the legal issues involved; (3) the extent of factual discovery and the plaintiff's ability to investigate and to comply with complex discovery rules; (4) the extent to which the case may turn on credibility determinations; (5) whether expert testimony will be required; and (6) whether the plaintiff can afford counsel on his or her own behalf.[9]

For the purpose of evaluating these threshold factors, the Court assumes "solely for the purpose of this [request]" that Mr. Williams' case has "some arguable merit in fact and law."[10] The Court need not undertake a detailed analysis of this point, however, because application of the *Tabron* post-threshold factors overall weighs against appointment of *pro bono* counsel at this time.

    1. <u>Mr. Williams' Ability To Present His Case</u>

The first factor has been identified as "perhaps the most significant."[11] For this factor the Court considers Mr. Williams' "education, literacy, prior work experience, and prior litigation experience."[12] As additional guidance, the Third Circuit has noted that courts should consider the plaintiff's ability to present his case "[i]n conjunction with . . . the difficulty of the particular legal issues."[13]

Mr. Williams states that he requests the appointment of *pro bono* counsel because the jail provides inadequate assistance, there is limited time to access to the law library, and he is not familiar with the Federal Rules of Civil Procedure.[14] Thus far, Mr. Williams has managed to adequately present his case to the Court and his adversaries despite his stated limitations. Courts typically do not appoint counsel despite a plaintiff's lack of access to a prison law library.[15] Also, a lack of formal legal training alone is insufficient to warrant the appointment of counsel.[16] While Mr. Williams' papers may "lack the force and clarity one expects from an attorney, this does not mean that [his] request for counsel

---

[7] *Montgomery*, 294 F.3d at 498-99 (internal citations omitted).

[8] *Id.* at 499.

[9] *Tabron*, 6 F.3d at 156; *see also Parham*, 126 F.3d at 461.

[10] *Montgomery*, 294 F.3d at 499.

[11] *Id.* at 501.

[12] *Id.* (internal quotation marks omitted) (citing *Tabron*, 6 F.3d at 156).

[13] *Tabron*, 6 F.3d at 156; *see also Montgomery*, 294 F.3d at 502.

[14] (D.E. 44 at 3).

[15] *See Brown v. Grey*, No. 14-4800, 2016 WL 3388301, at *2 (D.N.J. June 14, 2016) (additional citations omitted).

[16] *See, e.g., Hooks v. Schultz*, No. 07-5627, 2010 WL 415316, at *1 n.2 (D.N.J. Jan. 29, 2010).

should be granted."[17]

Mr. Williams has represented himself in several other proceedings in this District.[18] Presently and without the aid of counsel, Mr. Williams filed an amended complaint citing statues and setting forth his legal claims and an opposition to a motion for summary judgment.[19] Currently, it does not appear that Mr. Williams' ability to pursue his claims and present his case are significantly impeded by his professed limitations. Like any informed *pro se* litigant, Mr. Williams has already agreed to bear the consequences of his own inadequacies.[20] For the foregoing reasons, the first *Tabron* factor weighs against appointment.

2. The Complexity of The Case

The second *Tabron* factor concerns the complexity of the particular legal issues. The Court permitted Mr. Williams' claims of false arrest and false imprisonment to proceed.[21] At the present time, the Court does not find that the legal issues in this action are particularly difficult or complex, and they do not present any novel issues of law. Therefore, the second *Tabron* factor also weighs against appointment.

3. The Degree to Which Factual Investigation Will be Necessary

The third *Tabron* factor is the degree to which factual investigation will be necessary and the ability of Mr. Williams to pursue an investigation. Under this factor, courts "consider the extent to which prisoners and others suffering confinement may have trouble pursuing their claims."[22] Fact discovery began on April 27, 2016 and remains open through October 31, 2016.[23] Thus far, nothing in the record indicates that Mr. Williams' *pro se* status has inhibited him from conducting discovery. Therefore, the third *Tabron* factor weighs against appointment.

---

[17] *Id.*

[18] *See Williams v. Gavin*, No. 1:14-cv-8061-RBK-AMD (D.N.J. Filed Dec. 29, 2014); *Williams v. May et al.*, No. 1:09-cv-6439-RBK-KMW (D.N.J. Filed Dec. 23, 2009); *Williams v. Dzoba et al.*, No. 2:09-cv-6355-KM-MCA (D.N.J. Filed Dec. 16, 2009); *Williams et al. v. Hebbon et al.*, No. 3:09-cv-2103-AET-TJB (D.N.J. Filed May 1, 2009); *Williams et al. v. Mattek et al.*, No. 3:05-cv-4788-MLC-JJH (D.N.J. Filed Oct. 6, 2005); *Williams et al. v. Dellorco et al.*, No. 1:05-cv-4129-RBK-JS (D.N.J. Filed Aug. 22, 2005); *Williams v. Goins et al.*, No. 2:00-cv-6139-DRD (D.N.J. Filed Dec. 20, 2000); *Williams et al. v. Connellan et al.*, No. 2:99-cv-4062-DRD (D.N.J. Filed Oct. 5, 1999); *Williams et al. v. Wheeler et al.*, No. 2:99-cv-1588-DRD (D.N.J. Filed Jul. 12, 1999).

[19] (D.E. 7); (D.E. 36).

[20] *See United States v. Bertoli*, 994 F.2d 1002, 1022 (3d Cir. 1993).

[21] (D.E. 8).

[22] *Tabron*, 6 F.3d at 156.

[23] (D.E. 33, Pretrial Scheduling Order).

4. <u>The Extent to Which the Case is Likely to Turn on Credibility Determinations</u>

The fourth *Tabron* factor is the extent to which the case is likely to turn on credibility determinations. This matter may hinge on the credibility of Mr. William or Mr. Reinhardt, and whom a jury would believe. However, because the factors overall weigh against appointment, it is unnecessary to further evaluate the potential credibility issues.

5. <u>Whether the Case Will Require Testimony from Expert Witnesses</u>

The fifth *Tabron* factor inquires whether the case will require testimony from expert witnesses. At this juncture, it is unclear whether expert testimony will be required. This is a civil rights case concerning alleged false arrest and false imprisonment.[24] Given the nature of Mr. Williams' allegations, it appears unlikely that his claims will require expert testimony. Rather, the case appears to depend more on the facts deduced rather than on any expert testimony. Therefore, the fifth *Tabron* factor does not support appointment.

6. <u>Mr. Williams' Capacity to Retain Counsel on His Own Behalf</u>

Finally, the sixth *Tabron* factor examines Mr. Williams' capacity to retain counsel on his own behalf. The Court acknowledges that Mr. Williams is of limited financial means.[25] Notwithstanding, indigency alone, absent satisfaction of other *Tabron* post-threshold factors, does not warrant the appointment of counsel.[26]

The Court is, as always, sympathetic to any disadvantages of the parties that come before it. Accordingly, the Court will closely monitor the considerations raised by Mr. Williams' request throughout case management and as the case moves forward. The Court may exercise its discretion to appoint counsel *sua sponte* should any of the above discussed considerations change.[27]

As the *Tabron* factors weigh against appointment at this time, the Court will deny Mr. Williams' Application.

**SO ORDERED.**

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

9/7/2016 7:31:02 PM

---

[24] (*See generally,* D.E. 7).

[25] (*See* D.E. 4, Order granting, in part, Mr. Williams' Application to Proceed *In Forma Pauperis*).

[26] *See Christy v. Robinson*, 216 F. Supp. 2d 398, 410 (D.N.J. 2002).

[27] *See Tabron*, 6 F.3d at 156; *Christy*, 216 F. Supp. 2d at 406.

4

c (via ECF):
All Counsel

c (via U.S. Mail R.R.R.):

Sanford Williams, Jr.
Monroe County Jail
4250 Manor Drive
Stroudsburg, PA 18360