UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANFORD WILLIAMS, JR., **Plaintiff,** v. CHRISTOPHER REINHARDT, et al., **Defendants.** | Civil Action No. 15-121 (MCA) MEMORANDUM OPINION |

This matter has been opened to the Court by Plaintiff Sandford Williams Jr.'s ("Plaintiff") filing of a "motion" to dismiss his malicious prosecution claim against Defendant Christopher Reinhardt ("Defendant Reinhardt"), ECF No. 76, and an application to reopen this matter to file new claims against Defendant Reinhardt, ECF No. 77, (collectively, the "Motions").[1] Defendant Reinhardt opposes the Motions. For the reasons explained below, the Motions are denied, and this matter shall remain CLOSED.

Plaintiff's original and Amended Complaints in this matter asserted claims for relief under 42 U.S.C. § 1983 against Defendant Reinhardt and other defendants arising from Plaintiff's arrest on September 9, 2014, and his subsequent prosecution. The matter was assigned to the Honorable Jose L. Linares, and the Court dismissed without prejudice the malicious prosecution claims against Defendant Reinhardt but permitted Plaintiff to proceed on his false arrest/imprisonment claims against Defendant Reinhardt. *See* ECF Nos. 5, 6, 8. More than five years ago, on September 12, 2016, the Court entered an Order granting summary

---

[1] The Court also addresses Plaintiff's prior applications to reopen this matter.

judgment to Defendant Reinhardt on Plaintiff's sole remaining claim of false arrest/false imprisonment.  *See* ECF Nos. 46 and 47.

On October 11, 2016, Plaintiff filed a motion to alter or amend the Summary Judgment Order under Fed. R. Civ. P. 59(e), requesting that the Court vacate the Summary Judgment Order and reopen the case.  That motion was denied by Judge Linares on February 2, 2017.  *See* ECF Nos. 59 and 60.  In the same Order, Judge Linares also denied Plaintiff's motions to amend his Complaint, obtain discovery, and have his pending state criminal case transferred to this Court.  *See id*

Although the matter was already closed, Plaintiff filed letters/applications asking the Court to keep the case "active."  On July 17, 2017, and August 29, 2017, Plaintiff claimed he was awaiting "newly discovered evidence" that would justify keeping the case open, but he provided no other information about that evidence.  *See* ECF No. 62, 63.  Plaintiff also wrote to the Court several times asking the Court to keep the matter "active" until the resolution of his criminal case in Essex County.  *See* ECF Nos. 64-65, 67-68.

On June 5, 2019, Plaintiff filed an application to reopen the matter along with a "statement of claims" against Defendant Reinhardt in connection with Plaintiff's arrest on September 9, 2014.[2]  ECF No. 71.  On May 13, 2020, the matter was transferred to the undersigned.  On April 13, 2021, Plaintiff filed an application to dismiss his malicious prosecution claim against Defendant Reinhardt because Plaintiff pleaded guilty to theft charges

---

[2] Plaintiff asserts that Defendant Reinhardt failed to bring him before the municipal court in Livingston, New Jersey after his arrest in violation of the arrest warrant.  According to Plaintiff, Defendant Reinhardt also left his jurisdiction and improperly arrested Plaintiff in Newark, New Jersey, and refused to tell Plaintiff why he was being arrested or show him the warrant for his arrest.  Plaintiff alleges that he spent 15 months in Essex County Jail as a result of this misconduct.  *See id.*

on or about March 8, 2021. *See* ECF No. 76. Plaintiff seeks to bring "willful misconduct" claims against Defendant Reinhardt in lieu of the malicious prosecution claims.[3] *See id.* at ECF Nos. 76-77.

From the outset, Plaintiff's "motion to dismiss" the claims against Defendant Reinhardt is denied as moot, because Judge Linares previously dismissed Plaintiff's malicious prosecution claims without prejudice, granted summary judgment to Defendant Reinhardt on the false arrest/false imprisonment claim, and closed this matter. As such, there are no live claims pending against Defendant Reinhardt.

As explained below, Plaintiff's motion to reopen this matter to assert new claims of "willful misconduct" arising out of the same incident is likewise denied because Plaintiff's applications to reopen this matter are untimely and fail to meet the requirements to vacate a final judgment.

The Federal Rules of Civil Procedure provide two avenues for a party to alter or amend a judgment.[4] Under Fed. R. Civ. P. 59(e), "[a] motion to alter or amend a judgment must be filed

---

[3] It is not clear what, if any, federal claims Plaintiff is seeking to bring against Defendant Reinhardt related to his alleged "official misconduct." In his most recent "statement of claims," Plaintiff mentions due process violations and negligence. It is notable that "the Fourth Amendment always governs claims of unlawful arrest and pretrial detention when that detention occurs before the detainee's first appearance before a court." *DeLade v. Cargan*, 972 F.3d 207, 212 (3d Cir. 2020). Fourteenth Amendment due process claims may arise sometime after initiation of legal process. *Id.* As such, to the extent Plaintiff is attempting to reframe his false arrest claims as due process claims, these due process claims fail due to the more-specific-provision rule. *See United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997) ("[I]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.").

[4] In addition to seeking relief under Rule 59 and Rule 60, a party can appeal a judgment or order as of right under Fed. R. App. P. 4. That Rule provides that, "except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." The exception provided for under Rule 4(a)(4) refers to when a party files a timely motion to alter or amend a

no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A second avenue of relief is to file a motion for relief from a judgment or order under Fed. R. Civ. P. 60. In relevant part, Rule 60(b) permits courts, on motion, to relieve parties from "a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (b)(2), (b)(3), (b)(6). Rule 60(c)(1) provides that a "'motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order' which the movant seeks to reopen." *Keeling v. Attorney General of Pennsylvania*, 665 F. App'x. 201, 204 (3d Cir. 2016). A motion under Rule 60(b)(6), which only applies "in cases evidencing extraordinary circumstances," must still be made "within a reasonable time." *Id.* (quoting *Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975)); *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1348 (3d Cir. 1987) (Rule 60(b)(6) motion filed almost two years after District Court's judgment was not made within reasonable time).

In this matter, the Plaintiff has already filed a motion under Fed. R. Civ. P. 59(e) to alter or amend the Summary Judgment Order, which was denied by the Court. Although Plaintiff wrote to the Court within a year of the summary judgment Order and stated that he was awaiting new evidence, he failed to provide any information about that new evidence that would justify reopening this matter. Plaintiff's most recent applications to reopen this matter are well past the time limit for the Plaintiff to file a motion under Fed. R. Civ. P. 60(b), as it has been over five

---

judgment under Fed. R. Civ. P. 59. Pursuant to Fed. R. App. P. 4(a)(4)(A)(iv), if a party files a timely motion to alter or amend the judgment under Fed. R. Civ. P. 59, the time to file an appeal runs from the entry of the order disposing of the motion to alter or amend the judgment. Plaintiff is well past the time for appeal of the summary judgment Order and the denial of his 59(e) motion, which should have been filed within thirty (30) days of February 2, 2017, the date that the Court denied the Plaintiff's motion to alter or amend the summary judgment Order.

years since the September 12, 2016, summary judgment Order.  Moreover, Plaintiff has not provided any extraordinary circumstances that would justify reopening this matter under Rule 60(b)(6).

For these reasons, the Court denies Plaintiff's motion to dismiss as moot and denies Plaintiff's motion to reopen as untimely and without merit.  An appropriate Order follows.

November 16. 2021

_____
Hon. Madeline Cox Arleo,
U.S.D.J.