UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANFORD WILLIAMS, JR., | Civil Action No. 15-121 (MCA) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| CHRISTOPHER REINHARDT, et al., | |
| Defendants. | |

This matter has been opened to the Court by Plaintiff Sandford Williams Jr.'s ("Plaintiff") filing of a motion to reopen this matter. ECF No. 82. Defendant Reinhardt opposes the motion to reopen. ECF No. 83. For the reasons explained herein, the motion to reopen is DENIED.

By way of background, Plaintiff's original and Amended Complaints in this matter asserted claims for relief under 42 U.S.C. § 1983 against Defendant Reinhardt and other defendants arising from Plaintiff's arrest on September 9, 2014, and his subsequent prosecution. The matter was assigned to the Honorable Jose L. Linares, and the Court dismissed without prejudice the malicious prosecution claims against Defendant Reinhardt but permitted Plaintiff to proceed on his false arrest/imprisonment claims against Defendant Reinhardt. *See* ECF Nos. 5, 6, 8. More than five years ago, on September 12, 2016, the Court entered an Order granting summary judgment to Defendant Reinhardt on Plaintiff's sole remaining claim of false arrest/false imprisonment. *See* ECF Nos. 46 and 47.

On October 11, 2016, Plaintiff filed a motion to alter or amend the Summary Judgment Order under Fed. R. Civ. P. 59(e), requesting that the Court vacate the Summary Judgment Order and reopen the case. That motion was denied by Judge Linares on February 2, 2017. *See* ECF

Nos. 59 and 60. In the same Order, Judge Linares also denied Plaintiff's motions to amend his Complaint, obtain discovery, and have his pending state criminal case transferred to this Court. *See id*

Although the matter was already closed, Plaintiff filed letters/applications asking the Court to keep the case "active." On July 17, 2017, and August 29, 2017, Plaintiff claimed he was awaiting "newly discovered evidence" that would justify keeping the case open, but he provided no other information about that evidence. *See* ECF No. 62, 63. Plaintiff also wrote to the Court several times asking the Court to keep the matter "active" until the resolution of his criminal case in Essex County. *See* ECF Nos. 64-65, 67-68.

On June 5, 2019, Plaintiff filed an application to reopen the matter along with a "statement of claims" against Defendant Reinhardt in connection with Plaintiff's arrest on September 9, 2014.[1] ECF No. 71. On May 13, 2020, the matter was transferred to the undersigned. On April 13, 2021, Plaintiff filed an application to dismiss his malicious prosecution claim against Defendant Reinhardt because Plaintiff pleaded guilty to theft charges on or about March 8, 2021. *See* ECF No. 76. Plaintiff sought to bring "willful misconduct" claims against Defendant Reinhardt in lieu of the malicious prosecution claims.[2] *See id.* at ECF Nos. 76-77.

---

[1] Plaintiff asserts that Defendant Reinhardt failed to bring him before the municipal court in Livingston, New Jersey after his arrest in violation of the arrest warrant. According to Plaintiff, Defendant Reinhardt also left his jurisdiction and improperly arrested Plaintiff in Newark, New Jersey, and refused to tell Plaintiff why he was being arrested or show him the warrant for his arrest. Plaintiff alleges that he spent 15 months in Essex County Jail as a result of this misconduct. *See id.*

[2] It is not clear what, if any, federal claims Plaintiff is seeking to bring against Defendant Reinhardt related to his alleged "official misconduct." In his most recent "statement of claims," Plaintiff mentions due process violations and negligence. It is notable that "the Fourth Amendment always governs claims of unlawful arrest and pretrial detention when that detention occurs before the detainee's first appearance before a court." *DeLade v. Cargan*, 972 F.3d 207,

On November 16, 2021, the Court issued a Memorandum Opinion and separate Order, denying Plaintiff's pending motions, include his motion to reopen this matter. *See* ECF Nos. 80-81. With respect to the motion to reopen, the Court stated the following:

> In this matter, the Plaintiff has already filed a motion under Fed. R. Civ. P. 59(e) to alter or amend the Summary Judgment Order, which was denied by the Court. Although Plaintiff wrote to the Court within a year of the summary judgment Order and stated that he was awaiting new evidence, he failed to provide any information about that new evidence that would justify reopening this matter. Plaintiff's most recent applications to reopen this matter are well past the time limit for the Plaintiff to file a motion under Fed. R. Civ. P. 60(b), as it has been over five years since the September 12, 2016, summary judgment Order. Moreover, Plaintiff has not provided any extraordinary circumstances that would justify reopening this matter under Rule 60(b)(6).
>
> For these reasons, the Court denies Plaintiff's motion to dismiss as moot and denies Plaintiff's motion to reopen as untimely and without merit. An appropriate Order follows.

*See* ECF No. 80 at 4-5.

On February 28, 2022, Petitioner filed a new motion to reopen. ECF No. 82. In his new motion to reopen, Plaintiff states that he moved in May 2021 and did not receive any notices from the Court from May-July 2021. Plaintiff further states that he was in a bad car accident in July 2021, was hospitalized, and was left partially paralyzed. *See id.* Plaintiff also states that he has been unable to write due to his accident, that he actively litigated his case prior to his accident, and that he has meritorious claims. Based on this chronology of events, the Court

---

212 (3d Cir. 2020). Fourteenth Amendment due process claims may arise sometime after initiation of legal process. *Id.* As such, to the extent Plaintiff is attempting to reframe his false arrest claims as due process claims, these due process claims fail due to the more-specific-provision rule. *See United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997) ("[I]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.").

assumes that Plaintiff did not receive the Court's November 16, 2021 Memorandum Opinion and Order, which denied his pending motions, including his motion to reopen this matter. The Court will direct the Clerk of the Court to resend the Court's November 16, 2021 Memorandum Opinion and Order to Petitioner at his most recent address.

The Court construes Plaintiff to seek relief from a final judgment pursuant to Fed. R. Civ. P. 60(b). In relevant part, Rule 60(b) permits courts, on motion, to relieve parties from "a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (b)(2), (b)(3), (b)(6). Rule 60(c)(1) provides that a "'motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order' which the movant seeks to reopen." *Keeling v. Attorney General of Pennsylvania*, 665 F. App'x. 201, 204 (3d Cir. 2016). A motion under Rule 60(b)(6), which only applies "in cases evidencing extraordinary circumstances," must still be made "within a reasonable time." *Id.* (quoting *Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975)); *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1348 (3d Cir. 1987) (Rule 60(b)(6) motion filed almost two years after District Court's judgment was not made within reasonable time).

Here, Plaintiff's prior motions for relief from judgment, which predate his accident, did not meet the standards for relief under Rules 59(e) or 60(b). Petitioner's car accident in July 2021 and his resulting injuries, although unfortunate, do not alter this Court's determination that Petitioner's attempts to reopen this matter pursuant to Fed. R. Civ. P. 60(b) are untimely and without merit for the reasons stated in the Court's November 16, 2021 Memorandum Opinion.

As such, Plaintiff's new request to reopen this matter is also denied.  An appropriate Order follows.

September 23, 2022

  s/Madeline Cox Arleo
Hon. Madeline Cox Arleo
United States District Judge